**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SHANE MICHAEL SANDOVAL,

         Plaintiff,

vs.

DRYBAR HOLDINGS, LLC, *et al.*,

         Defendants.

Case No. 2:19-cv-00180-RFB-VCF

**REPORT AND RECOMMENDATION**

MOTION TO STRIKE [ECF NO. 25]

    Before the Court is Defendants Drybar Holdings, Hunter Johnson, Renee Atwood, Patrice Campbell, Zena Long, and Rachel Bernard's Motion to Strike Plaintiff's Complaint. (ECF No. 25). For the reasons discussed below, Defendants' motion should be granted in part and denied in part.

## BACKGROUND

    In the complaint, Plaintiff Shane Sandoval bring Title VII claims against Defendants based on their alleged discrimination and harassment against Plaintiff because of his sexual orientation. (ECF No. 1 at 1-2, 5-12). Defendants now move to strike four paragraphs from the complaint. (ECF No. 25).

    Defendants argue that Paragraphs 2 and 20 contain mischaracterizations of the EEOC's involvement in this case and Plaintiff's interactions with his coworkers. (*Id.* at 4). Defendants also argue that Paragraphs 25 and 29 contain immaterial allegations regarding Plaintiff's co-workers. (*Id.* at 4-5). In his response, Plaintiff requests leave to amend Paragraphs 2 and 20 to clarify their allegations. (ECF No. 27 at 2). The response does not mention Paragraphs 25 and 29. Defendants do not oppose Plaintiff's request to amend Paragraphs 2 and 20. (ECF No. 30 at 2).

## DISCUSSION

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). Whether to grant a motion to strike lies within the discretion of the district court. *Whittlestone, Inc.*, 618 F.3d at 973. "Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings." *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 826 (9th Cir.1979)).

Plaintiff states Paragraph 2 "was intended to state the Charge of Discrimination alleges the misconduct, not the EEOC. Plaintiff requests permission to amend paragraph two (2) to reflect this error." (ECF No. 27 at 2). Plaintiff also requests leave to amend Paragraph 20 to clarify his allegation that he "was the subject of and subjected to, multiple sexual orientation statements that proved to be discriminatory. He reported the matter to management, but management did nothing." (*Id.*). Defendants do not oppose Plaintiff's request to amend Paragraphs 2 and 20. (ECF No. 30 at 2). Therefore, Defendants' motion to strike should be granted with leave to amend as to Paragraphs 2 and 20.

Paragraphs 25 and 29 contain immaterial allegations regarding Plaintiff's co-workers. Allegations that a manager "was forced to resign (purportedly because she was pregnant)" and another manager "was typically drinking at the shop's bar most days she was there and even purportedly admitted to other employees she had been reprimanded not to drink on the job" have no impact on Plaintiff's claims. (ECF No. 1 at 6-7). Plaintiff did not address these paragraphs in his response. Under LR 7-2(d), "[t]he failure

of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion." Therefore, Defendants' motion to strike should be granted with prejudice as to the specific immaterial phrases in Paragraphs 25 and 29.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Defendants' Motion to Strike Plaintiff's Complaint (ECF No. 25) be GRANTED WITH LEAVE TO AMEND as to Paragraphs 2 and 20.

IT IS FURTHER RECOMMENDED that Defendants' Motion to Strike Plaintiff's Complaint (ECF No. 25) be GRANTED WITH PREJUDICE as to Paragraphs 25 and 29. The following phrases should be removed from the paragraphs:

Paragraph 25: "was forced to resign (purportedly because she was pregnant)" should be replaced by "resigned."

Paragraph 29: "Campbell was typically drinking at the shop's bar most days she was there and even purportedly admitted to other employees she had been reprimanded not to drink on the job" should be removed.

IT IS FURTHER RECOMMENDED that, should the Court accept this Report and Recommendation, the Court order Plaintiff to file an amended complaint prepared in accordance with this Report and Recommendation within two weeks of the order's issuance.

DATED this 3rd day of May, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE